IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MELVIN HOLST, | ) |
| Plaintiff, | ) Case No. 06-113-KI |
| vs. | ) OPINION AND ORDER |
| STATE OF OREGON, | ) |
| Defendant. | ) |

Melvin Holst
215 S. W. 14th Street
Gresham, Oregon  97080

    Pro Se Plaintiff

Kenneth C. Crowley
Oregon Department of Justice
1162 Court Street, N. E.
Salem, Oregon  97301-4096

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Melvin Holst alleges defendant State of Oregon violated his Seventh Amendment right to a trial by jury, arising out of the dismissal of his breach of contract action against the City of Gresham in state court. Plaintiff also alleges the Oregon Court of Appeals and Oregon Supreme Court denied him his constitutional rights by failing to review the dismissal. Before me is Defendant State of Oregon's Motion to Dismiss (#4). For the reasons stated below, I grant the motion and dismiss Holst's complaint against the State of Oregon.

## FACTS

Holst filed an action in Multnomah County Circuit Court alleging breach of contract and fraud against the City of Gresham. The City of Gresham filed a motion to dismiss, which was granted on December 30, 2004 on the basis that Holst had failed to state a claim for relief. Holst appealed the order, but neglected to comply with ORS 19.300[1] and his appeal was dismissed. The Oregon Supreme Court denied Holst's petition for review.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may

---

[1]**Undertakings on appeal generally; filing and service.** (1) An appellant must serve and file an undertaking for costs within 14 days after the filing of a notice of appeal. Unless the undertaking is waived, reduced or limited under ORS 19.310, an undertaking for costs must be in the amount of $500. (2) A supersedeas undertaking may be served and filed by an appellant at any time while a case is pending on appeal. (3) The original of an undertaking on appeal, with proof of service, must be filed with the trial court administrator. A copy of the undertaking must be served on each adverse party on appeal in the manner prescribed by ORCP 9B.

Page 2 - OPINION AND ORDER

attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). However, the court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

## DISCUSSION

I.  *Rooker-Feldman* doctrine

The State asserts that the *Rooker-Feldman* doctrine, depriving federal courts of subject matter jurisdiction where a party seeks reversal of a state court judgment, applies here. As explained by the Ninth Circuit, "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). In other words, where the federal plaintiff is "complaining of legal injury caused by a state court judgment because of a legal error committed by the state court," *Rooker-Feldman* bars subject matter jurisdiction in federal district court. Id. at 1164.

Holst alleges a violation of his Seventh Amendment right to a jury trial due to the state court's dismissal of his complaint for failure to state a claim. Plaintiff also takes issue with the refusal of the Oregon Court of Appeals and Oregon Supreme Court to review that dismissal. Faced with similar facts, the Ninth Circuit determined that the district court did not have subject matter jurisdiction. Allah v. Superior Court of State of Cal., 871 F.2d 887 (9th Cir. 1989). In

Page 3 - OPINION AND ORDER

Allah, plaintiff filed an action in the federal court claiming a violation of his equal protection and due process rights as a result of the state court's dismissal of his complaint for failure to comply with a discovery order. The court held,

> To the extent Allah requested the district court to conduct a direct review of the state court's judgment and to scrutinize the state court's application of various rules and procedures pertaining to his case, the district court lacked subject matter jurisdiction over his complaint. The proper court in which to obtain a direct review of state-court determinations is the United States Supreme Court.

Id. at 891. Following the guidance of the Ninth Circuit, this court lacks subject matter jurisdiction to decide the issues Holst raises.

II.     Eleventh Amendment

Even if the *Rooker-Feldman* doctrine did not apply here, this court lacks subject matter jurisdiction over the State of Oregon because it is immune under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars a citizen from bringing suit against his own state in federal court. Micomonaco v. State of Washington, 45 F.3d 316, 319 (9th Cir. 1995). There are two exceptions to the Eleventh Amendment protection: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." Id. The State of Oregon has neither consented to suit here nor is there any applicable statutory authority in which Congress has eliminated the State's immunity.

Although he does not specifically allege as much, Holst may be relying on 42 U.S.C. § 1983 as a basis for relief against the State.

Page 4 - OPINION AND ORDER

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Supreme Court has determined that a State is not a "person" within the meaning of Section 1983, and therefore Congress has not abrogated the State's Eleventh Amendment immunity to actions in federal court. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-66 (1989).[2]

III.   Summary

Holst's complaint is dismissed because this court lacks subject matter jurisdiction over Holst's claims. In addition, because it is "absolutely clear that the deficiencies of the complaint" cannot be remedied by permitting Holst to amend his complaint, his complaint is dismissed with prejudice. See Broughton, 622 F.2d at 460 (9th Cir. 1980).

---

[2] I need not rule on the State's separate argument that judicial immunity bars any action against the judges or court staff involved in Holst's state court action and appeal because Holst has not named them as defendants here. Nevertheless, I will point out that judges are immune from liability for damages and suit for "acts committed within their judicial jurisdiction." Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000) (quoting Pierson v. Ray, 386 U.S. 547, 553-54 (1967)); Mireles v. Waco, 502 U.S. 9, 11 (1991). A judge is not immune for action taken outside of the judge's judicial capacity or for judicial actions taken in the complete absence of all jurisdiction. If the judge has jurisdiction to perform the "general act" in question, the judge is immune if the act is erroneous, if the act has consequences that injure the plaintiff, and irrespective of the judge's motivation. Harvey, 210 F.3d at 1012. Furthermore, clerks who "perform a ministerial duty which [is] a part of judicial process [are] also clothed" with judicial immunity. Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979).

## CONCLUSION

Defendant State of Oregon's Motion to Dismiss (#4) is granted, and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this        6th         day of April, 2006.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge